**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANTE VICTORIO PALAZZOLO,

      Plaintiff,                Civil No. 2:12-CV-11978
                                     HONORABLE MARIANNE O. BATTANI
v.                            UNITED STATES DISTRICT JUDGE

LARRY KORN,

      Defendant,

_____/

## <u>OPINION AND ORDER OF SUMMARY DISMISSAL</u>

### I.  Introduction

      Dante Victorio Palazzolo, ("Plaintiff"), presently confined at the Woodland

Center Correctional Facility in Whitmore Lake, Michigan, has filed a *pro se* civil

rights complaint pursuant to 42 U.S.C. § 1983.  For the reasons that follow, the

complaint is DISMISSED WITHOUT PREJUDICE.

### II.  Standard of Review

      Plaintiff has been allowed to proceed without prepayment of fees. See 28 §

U.S.C. 1915(a); <u>McGore v. Wrigglesworth</u>, 114 F. 3d 601, 604 (6th Cir. 1997).

However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court
> determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such

relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); See also Denton v. Hernandez, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." Brown v. Bargery, 207 F. 3d 863, 866 (6th Cir. 2000)(citing Neitzke, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. at 867. Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. McGore, 114 F. 3d at 612; See also Goodell v. Anthony, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. Bloch v. Ribar, 156 F. 3d 673, 677 (6th Cir.1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." Redding v. St. Eward, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff's complaint is rambling and difficult to understand.  Plaintiff alleges that he was coming out of a store in Hazel Park, Michigan, when he met up with a

2

another man named James Mcfarland, who was pushing a lawnmower which may have been stolen.  Plaintiff claims that he had no stolen items in his possession although he did have a knife in his pocket.  Plaintiff claims that he and Mcfarland were detained by the police.  Plaintiff was apparently charged with several crimes in the Hazel Park District Court.  Plaintiff indicates that he was ultimately convicted of carrying a concealed weapon and sentenced to one to fifteen years in prison.  Plaintiff appears to argue that he is innocent of this crime, in that the knife that he was carrying only had a two and a half inch blade and was thus legal to carry under Michigan law.  Plaintiff further claims that he was forced to switch lawyers and wanted to take his case to a jury trial, but that medication that he was on prevented him from making the correct decision to proceed to trial.  Plaintiff further claims that he was not given sentencing credit for the time spent at the Forensic Center for Psychiatry, where he had been sent for a determination as to his mental competency to stand trial.  Plaintiff seeks a fair trial and appeal in his criminal case and monetary damages.

## IV.  Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that plaintiff seeks monetary damages arising from his criminal conviction, he would be unable to obtain such damages absent a showing that his criminal conviction had been overturned.  To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983

3

plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  Because plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendant fail to state a claim for which relief may be granted and must, therefore, be dismissed. See Adams v. Morris, 90 Fed. Appx. 856, 858 (6th Cir. 2004); Dekoven v. Bell, 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent that plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal.  Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  A plaintiff cannot seek injunctive relief relating to his or her criminal conviction in a § 1983 action. Nelson v. Campbell, 541 U.S. 637, 643 (2004).  Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging

4

the fact of his conviction or the duration of his sentence." Id.  In addition, declaratory relief is not available in federal court to attack a state criminal conviction and cannot be used as a substitute for an appeal or a petition for writ of habeas corpus. See Ruip v. Commonwealth of Kentucky, 400 F. 2d 871, 872 (6th Cir. 1968).

To the extent that plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983.  This Court, however, declines to construe plaintiff's civil rights complaint as a habeas petition because plaintiff does not allege that his claims have been exhausted with the state courts, nor does the complaint comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. See Parker v. Phillips, 27 Fed. Appx 491, 494 (6th Cir. 2001).  In addition, Heck clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. See Murphy v. Martin, 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the Heck v. Humphrey doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the

5

prisoner to reassert his or her claims if the conviction or sentence is later invalidated. See Murphy, 343 F. Supp. 2d at 609.  Therefore, because the Court is dismissing plaintiff's § 1983 complaint under Heck, the dismissal will be without prejudice. See e.g. Finley v. Densford, 90 Fed. Appx. 137, 138  (6th Cir. 2004).

Finally, because plaintiff's complaint lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff of the claims raised against the defendant would be frivolous and not undertaken in good faith. See Alexander v. Jackson, 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)). Stated differently, it would be inconsistent for this Court to determine that plaintiff's complaint was too frivolous or meritless to be served upon the defendant, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would be undertaken in good faith so as to permit such an appeal. See Anderson v. Sundquist, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

s/Marianne O. Battani
**HONORABLE MARIANNE O. BATTANI**
Dated: May 16, 2012                **UNITED STATES DISTRICT JUDGE**

6

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Plaintiff via ordinary U.S. Mail.

s/Bernadette M. Thebolt
Case Manager